IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02092-BNB

ANDREW WILSON,

    Plaintiff,

v.

WIENER, INC.,
CEDAR RUN APARTMENTS,
STATEWIDE SECURITY, and
STEVEN M. PARK,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 14 2007

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Andrew Wilson is incarcerated at the Denver County Jail in Denver, Colorado. Mr. Wilson initiated this action by filing *pro se* a Prisoner Complaint asserting three claims for relief. In his first claim for relief, which is asserted pursuant to 42 U.S.C. § 1983, Mr. Wilson alleges that Defendants violated his rights under the United States Constitution by filing a false report that led to his arrest and prosecution. Mr. Wilson's other two claims appear to be state law tort claims. Mr. Wilson asserts supplemental jurisdiction over the state law tort claims pursuant to 28 U.S.C. § 1367.

On October 19, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Wilson to show cause why the constitutional claim should not be dismissed because he fails to allege any facts to demonstrate that Defendants were acting under color of state law. On November 20, 2007, in response to Magistrate Judge Boland's show cause order, Mr. Wilson filed a "Motion to Dismiss Claim II and Claim III of Lawsuit."

Mr. Wilson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the complaint at any time if the claims asserted are legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint as legally frivolous.

The Court must construe the complaint and Mr. Wilson's response to the show cause order liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

Mr. Wilson alleges that in November 2004 he was followed to his apartment by two security guards employed by the owner of the apartment complex and that the security guards attempted to grab him and wrestle him to the ground. Mr. Wilson further alleges that he was charged with and prosecuted for assault as a result of this incident and that he spent nine months in jail. He contends that he went to trial in state court on the assault charge in December 2005 and that he was acquitted of any wrongdoing.

2

As noted above, Mr. Wilson asserts three claims for relief in his complaint including one constitutional claim pursuant to 42 U.S.C. § 1983 and two state law tort claims. In his response to Magistrate Judge Boland's show cause order, Mr. Wilson asks that the two state law tort claims be dismissed because he cannot demonstrate that Defendants were acting under color of state law. He also reasserts his constitutional claim.

As Magistrate Judge Boland noted in his show cause order, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Mr. Wilson must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a

3

> state official, because he has acted together with or has
> obtained significant aid from state officials, or because his
> conduct is otherwise chargeable to the State.

*Id.*

Mr. Wilson does not allege in his complaint that any Defendant in this action was acting under color of state law. He also does not allege in his response to Magistrate Judge Boland's show cause order that any Defendant in this action was acting under color of state law. In fact, he concedes in his response that none of the Defendants were acting under color of state law. As a result, Mr. Wilson's first claim for relief, his claim that his rights under the United States Constitution have been violated, is legally frivolous and must be dismissed. Although Mr. Wilson is not required to demonstrate action under color of state law in connection with his state law tort claims, the Court would decline to exercise supplemental jurisdiction over the state law tort claims because the constitutional claim over which the Court has original jurisdiction will be dismissed. *See* 28 U.S.C. § 1367(c)(3). Therefore, the "Motion to Dismiss Claim II and Claim III of Lawsuit" will be granted. Accordingly, it is

ORDERED that the first claim for relief in the complaint is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Plaintiff's "Motion to Dismiss Claim II and Claim III of Lawsuit" filed on November 20, 2007, is granted. It is

FURTHER ORDERED that the complaint and the action are dismissed.

DATED at Denver, Colorado, this 12 day of Dec., 2007.

BY THE COURT:

*(signature)*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-02092-BNB

Andrew Wilson
1090 Quebec Street, # 9
Denver, CO 80230

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/14/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk